HOWE ET AL. v. THE PEOPLE, FOR THE USE, ETC.

1. PRACTICE IN CIVIL ACTIONS.

Where there is no answer, and nothing remains but the assessment of damages, the right of defendants' counsel to participate in subsequent proceedings is confined to the right of cross-examining witnesses and keeping the damages within legal limits.

2. SAME—DEMURRER AND MOTION.

Where a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action had been overruled, and defendants had elected to abide by the demurrer, a motion for a nonsuit presenting the same questions disposed of by the demurrer is not in order and may be disregarded.

3. DEVASTAVIT—SURETIES ON ADMINISTRATOR'S BOND.

A *devastavit* by an administrator is a wasting of the estate or a misapplication of the assets. It is not necessary that the *devastavit* be previously established in order to charge the principal and sureties on the bond, but an action cannot be maintained against the sureties unless the facts alleged, if proven, amount to a *devastavit*.

4. SAME—PLEADING.

A complaint in an action against an administrator and the sureties on his bond for a failure to pay the claims allowed against the estate which does not allege that the fund in his hands is sufficient to pay all in full, including costs of administration, is defective.

5. SAME.

It seems that a complaint which does not allege an order of distribution and a failure of the administrator to comply therewith does not show a *devastavit*, and is insufficient.

*Appeal from the District Court of Rio Grande County.*

ACTION brought against John L. Howe, as administrator of the estate of Daniel R. Hoover, deceased, and his sureties. The complaint filed is as follows:

"*First*—On or about the 7th day of June, A. D. 1888, the county court of the county of Rio Grande and state of aforesaid, having full jurisdiction in the matter, appointed one John L. Howe administrator of the estate of Daniel R. Hoover, deceased; that thereupon the said John L. Howe, as principal, and the defendants, Daniel W. Hoover, by the

name of D. W. Hoover and August Weiss, made an undertaking or writing obligatory, sealing with their seals, in substance as follows, to-wit: (Copy of bond) Which said writing obligatory was on the 27th day of June, A. D. 1888, accepted and approved by the judge of the said county court of Rio Grande county and state aforesaid, and thereby became valid and binding upon the defendants.

" *Second*—That from and after the said 27th day of June, A. D. 1888, and from thenceforth the said John L. Howe was, and still is, the administrator of the estate of the said Daniel R. Hoover, deceased, and as such administrator made, or caused to be made, an inventory of the goods and chattels, lands and tenements, rents, and profits belonging to the estate of Daniel R. Hoover, deceased; and under the order of the county court of said county, made a sale of the personal property belonging to the said estate, and received as the proceeds of such sale the sum of eight hundred twenty-four dollars, no part of which has been accounted for by the said John L. Howe, as such administrator, but the same has been wrongfully converted by him to his own use.

" *Third*—That plaintiff further avers that the said county court of Rio Grande county, having full jurisdiction of the parties and subject-matter, on the 30th day of July, A. D. 1888, heard and allowed as a claim against the estate of the said Daniel R. Hoover, deceased, in favor of H. A. Patterson, the sum of forty dollars, and afterwards, in like manner, on the 31st day of July, A. D. of the same year, another claim in favor of Michael Teller, in the sum of twenty dollars, each of which were allowed as claims of the first class, payable out of the said estate ; that afterwards, in like manner, on the 27th day of May, A. D. 1889, after due notice to the said administrator, the said court heard and allowed a claim against the said estate in favor of Ralph W. Cary, and Samuel Cary, partners under the name of Cary Brothers, for the sum of thirty-six dollars and fifty cents, and also in like manner, at the same time, a claim in favor of Lillian L. Fassett, for the sum of nine dollars and seventy cents, each of

which last mentioned claims were allowed as of the fourth class, payable out of the said estate. And that afterwards, in like manner, on the 29th day of January, A. D. 1894, after due notice to the said administrator, said court allowed a claim against the said estate in favor of Ira J. Bloomfield for the sum of three hundred sixty dollars and ten cents, which last mentioned claim was allowed as of the second class, payable out of said estate, and the said county court, after allowing each of the aforesaid claims, made an entry of record thereof in due form; and that judgment thereon was duly given and made for the said several amounts respectively.

" *Fourth*—The plaintiff further avers that although the said John L. Howe, administrator as aforesaid, had received as the proceeds of the sale of the goods and chattels of the estate of the said Daniel R. Hoover, the sum of eight hundred twenty-four dollars, which he still retains in his possession, unaccounted for in any manner, and that all the claims allowed by the said county court did not exceed the sum of seven hundred dollars; yet the said John L. Howe, administrator as aforesaid, has not paid any claim allowed against the said estate nor any part thereof, but has wholly failed and neglected to do so, although demand has been lawfully made for the payment of such claims after they had been allowed by the county court as aforesaid, more than thirty days prior to the commencement of this suit; neither has the said John L. Howe, as such administrator, made a true account of all of his doings in that behalf to the county court of said Rio Grande county, although cited by the said court to appear and make such account; and has not done and performed all the acts required of him by law as such administrator.

" Wherefore the plaintiff demands judgment against the defendants in the sum of four hundred, sixty-six dollars and thirty cents, with interest upon each of said claims, respectively, from the date of their allowance as aforesaid at the rate of eight per cent per annum; and for the costs of this suit."

A demurrer was filed by the sureties defendants, the ground alleged being that the amended complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendants elected to stand by the demurrer.

The court proceeded to assess damages and amount of the respective claims. Counsel for defendants participated in the assessments of damages, and after the evidence was closed filed motion for a nonsuit, which was disregarded by the court, and judgment entered in the case on the aggregate claim for $473.69, from which the appeal was prosecuted to this court.

Mr. E. F. RICHARDSON, for appellants.

Mr. A. L. MOSES, for appellee.

REED, P. J., delivered the opinion of the court.

Appellants contend, *first*, that the court erred in overruling their demurrer to the complaint; *second*, in disregarding their motion for a nonsuit, and awarding judgment. The latter contention may be the first disposed of. Counsel for appellants elected to stand by the demurrer. Consequently there was no answer nor plea. Having held the complaint sufficient, all that remained was to establish by competent proof the damages to which each of the plaintiffs joined in the suit was entitled, and the aggregate of such findings. The right of defendants' counsel to participate in subsequent proceedings was confined to the right of cross-examining witness, and keeping the damages being assessed within legal limits. After the assessment of damages, we cannot recognize the right of counsel to move for a nonsuit on the merits of the case. Substantially the same questions were presented and relied upon on the motion for a. nonsuit as upon the demurrer, and if there was not sufficient evidence to entitle plaintiffs to judgment, the court erred in entering it, and the error would be reached by an exception; but it seems to be unimportant

whether the lack of proper evidence was called to the attention of the court by a motion for a nonsuit, or in some other manner, or its attention called to it at all. If the evidence was not sufficient to entitle plaintiffs to judgment, it was unwarranted and erroneous, either with or without an answer. Appellant's counsel contends, not that the allegations in the complaint were not properly pleaded, but that it lacked material allegations, without which no recovery could be had. The motion for a nonsuit is in the same direction,—that no judgment could be allowed for failure of proof of certain facts deemed essential, which were not alleged in the complaint. Hence a disposition of the questions presented by the demurrer, of necessity, disposes of those raised by the motion.

The questions raised by demurrer and the sufficiency of the complaint are not so easily disposed of. The bond is in statutory form, and the part necessary to be considered by this court is the following: After providing for the sale of personal property, and the examination and allowance of the accounts of the administrator, he, the administrator, " shall deliver and pay unto such person or persons, respectively, as may be legally entitled thereto."

The action is brought against the administrator and his sureties. The following is section 4808, Mills' Stats. (Gen. Stats. 3633) : "If any executor or administrator shall fail to comply with the provisions of this chapter, or shall fail to comply with any or all of the covenants in his bond, an action may be forthwith instituted upon such bond, and the failure aforesaid shall be sufficient breach to authorize a recovery, in the same manner as though a *devastavit* had been previously established against such executor or administrator." *Devastavit*, as defined by the books and legal lexicographers, is a wasting of the estate,—a misapplication of the assets. And, although in modern practice and under the statutes of this state it is not necessary, as formerly, that the *devastavit* be previously established in order to charge the principal and sureties in the bond, it is clear that the action cannot be main-

tained against the sureties unless the facts alleged, if proven, amount to and establish the *devastavit*.

The respective claims were allowed by the probate court, and, by the statute, such allowance made them judgments, to be paid by the administrator. It is alleged in the complaint, and the allegations established by the evidence, that the administrator realized from the assets of the estate $824, and that the claims allowed against the estate, which were in effect judgments, did not exceed in amount $700, showing a margin or difference of $124. By section 4780, Mills' Stats. (Gen. Stats., sec. 3606), all demands against the estate are divided into four classes, to be paid according to dignity. It will be observed that of the claims embraced in the judgment, one of $20.00 and one of $40.00, making $60.00, were of the first class, $360.10 of the second class, and $46.20 of the fourth class. The statute provides for costs of administration, and " all expenses of proving the will and taking out letters testamentary or of administration, and settlement of the estate," as claims of the second class.

There is no allegation in the complaint that the amount received by the administrator was sufficient to pay all the claims allowed and the costs of administration. The excess of $124 may have been insufficient to cover the expenses of administration, and such expenses, with the claims allowed, may have exceeded the amount received, and, if so, some of the claims on which suit was brought would only be entitled to share *pro rata*, by order of the court, as provided by section 4795, Mills' Stats. (Gen. Stats., sec. 3620).

The failure to allege that the fund was sufficient to pay all in full, including costs of administration, left the complaint defective, for without such allegation and proof no judgment could have been allowed.

Whether, without an allegation of an application to the court, and the obtaining of an order upon the administrator to pay the specific debts for which the suit was brought, and a default on his part, the complaint showed a cause of action,

is a question we do not find it necessary to decide in this case, but call the attention of counsel to it.

It would seem, from the authorities, that claimants should have exhausted the resources of the court against the administrator to compel payment, and that that could only have been done by an application to the court for an order, the granting of the order and a default. I can find no case where it has been held that sureties were liable unless such proceedings had been had. Many cases are found where it has been held that where funds are shown to have been in the hands of the administrator, and *an order* for the payment made and disregarded, then a *devastavit* was established, which was conclusive upon the sureties. In some courts it has been held that a refusal to pay, without an order, did not establish a *devastavit* and charge the sureties. The better reasoning would seem to be that the administrator is not in default until an order of distribution has been made and disobeyed. If such is the law, a complaint would be insufficient that did not allege such an order and the failure of the administration to comply.

The judgment will be reversed and cause remanded with instructions to the district court to sustain defendant's demurrer to the complaint, and allow plaintiffs to amend if so advised.

*Reversed.*