PER CURIAM.
The district court held that this action against the surety on the bond of the deceased executor of a Colorado estate was barred by the six-year Colorado statute of limitations, Colo.Rev.St. (1963) § 87-1-11.
The bond was given in 1951. In 1955 the probate court found that the executor had sold certain real estate belonging to the estate and given possession thereof; that report of the sale had been made to the court and approved; that possession was improperly given, and the sale improperly reported, because the entire purchase price was not paid; and that the executor should have collected interest on the delayed payments. The court ordered that the executor adjust the purchase price by the addition of interest and that on failure to make such adjustments “the executor be surcharged with such amounts as are not adjusted.” The adjustments were never made.
The executor died in 1963 and an administrator de bonis non was appointed. In 1965, the state district court found that “the order surcharging the executor of this estate, namely Leon Kepler, entered June 27, 1955, has never been revoked.” The district court surcharged the amount found due plus certain expenses and ordered suit against the surety. The suit was brought and removed to federal court on the ground of diversity.
*62 Appellant seeks to avoid the bar of the statute by the assertion that the cause of action arose when the 1965 decree was entered. We disagree. In Colorado all that is required to expose the surety to liability is the commission of the wrongful act. See Colo.Rev.St. (1963) § 153-10-45, and Howe v. People, 7 Colo.App. 535, 44 P. 512, 514. The authorities cited by appellant from other jurisdictions are not pertinent. The wrongful act occurred when the executor placed the purchasers in possession without payment of the full purchase price and that wrongful act was judicially recognized in 1955.
Affirmed.