[No. 2121.]

FLEMING, ADMINISTRATOR OF MELBURN'S ESTATE, v. KELLY, MAUS & CO.

1. **Estates of Decedents—Administrators—Continuing Business of Deceased.**

The general rule is that an executor or administrator is not permitted to engage in trade with the assets of the estate, nor

to carry on the business of the decedent unless expressly so directed by the will, or authorized by the court which has charge of the administration of the estate. If he does, he must himself personally bear all expenses incurred and losses sustained, and account for all profits. But there are exceptions to the rule, as for instance, where it is necessary in a mercantile business or manufactory, temporarily, to continue the business, not for the purpose, primarily, of making profit out of the business, but in order to dispose of and realize upon the assets of the estate to the best advantage. In such case the purchase of some goods may be necessary to aid in the sale of the decedent's stock on hand, and the purchase will be treated as a necessary and allowable expense of settlement of the estate.

**2.  Same—Presumptions.**

Where an administrator under an order of court continued for three years a manufacturing business of the deceased, in the absence of a showing to the contrary, it will be presumed that the court acted wisely in making the order, and that it was necessary to continue the business for three years in order to wind it up to the best advantage of the estate.

**3.  Same—Claims for Goods Purchased.**

Where an administrator under an order of the court continued the manufacturing business of his deceased for three years at a profit to the estate, and during the time purchased some goods which were necessary to the business, and the creditor who sold the goods to the administrator presented his bill as a claim against the estate after the administrator who contracted the debt had resigned and his successor had been appointed, the claim was properly allowed as a second-class claim against the estate.

*Appeal from the District Court of Arapahoe County.*

Mr. CLAY B. WHITFORD and Mr. HENRY E. MAY, for appellant.

Messrs. BICKSLER, McLEAN & BENNETT, for appellee.

WILSON, P. J.

It appears from the stipulation of facts on which this cause was tried in the district court, that one L. A. Melburn dying, the administratrix of his estate, Mrs. Melburn, his widow, was ordered by the county

court to continue to carry on the business of carriage manufacture in which her husband was extensively engaged at the time of his decease.   This the administratrix did for the period of about three years, and during such time purchased from the appellee herein certain goods which were used by her in conducting the business.   Upon a claim therefor being presented in the county court for allowance against the estate of the deceased, it was resisted by the then administrator, the successor to Mrs. Melburn, who had resigned.   The claim was allowed by the county court as of the fourth class, and upon an appeal by the administrator to the district court, it was again allowed, to be paid, however, as a claim of the second class. From this judgment, the administrator appeals to this court.

It is true the general rule is as declared by the authorities that it is not permissible for an executor or an administrator to engage in trade with the assets of the estate, or carry on the business of the decedent unless expressly so directed by the will, or authorized by the court which has charge of the administration of the estate.   If he does, he must himself personally bear all expenses incurred, and all losses, and account for all profits.   He must answer for the full value of the assets.   The rule, however, is not without exceptions, as for instance where it is necessary in a mercantile business or in a manufactory, temporarily, not for the purpose primarily of making profit upon sales as in the ordinary course of business, but in order to dispose of and realize upon the assets of the business to the best advantage.—*Merritt v. Merritt*, 62 Mo. 151.   Where he continues the business under such circumstances, it is not regarded in law as the carrying on of the trade or business, but simply as the winding-up of the affairs.   In such cases the purchase of some goods may be necessary

for the purpose of aiding in the sale of the decedent's stock of goods, and this purchase will be treated as a necessary and allowable expense of settlement of the estate. Whether paid directly by the administrator and presented in his accounts for allowance, or presented by him before payment, or by the creditor himself, payment will be allowed, and must be made from the assets of the estate.—Williams on Executors, 7th Eng. ed., 1794.

In this case the administratrix acted under the express order of the county court. The order is not set forth in the record, so that we are unable to determine from it whether the court exercised its discretionary power wisely or improvidently. The presumption must be in favor of the former, there being nothing to show the contrary. The mere fact that the administratrix continued the business for the term of three years. is not sufficient to justify us in concluding that the business was not being run simply for the purpose of winding it up, and disposing of the entire stock. We must presume the contrary, otherwise the court under whose direction it was being done would have caused it to have been stopped. In this state county courts, in matters of probate business relating to the settlement of the estates of deceased persons, are invested with extensive and unlimited original jurisdiction, legal and equitable, and with large discretionary powers. The power to regulate and control settlement of such estates is expressly conferred upon them.—Constitution, art. 6, sec. 23; Mills' Ann. Stats., sec. 1095, 1097, 1107; *Lusk v. Kershow,* 17 Colo. 486; *People, etc., v. County Court,* 3 Colo. App. 428; *Clemes v. Fox,* 25 Colo. 45.

From the necessities of the case, neither the legislature nor the constitutional convention could anticipate every business contingency which might

arise in the settlement of an estate, and provide by statute specifically the powers to be exercised by the court in every instance. Primarily, its duty is to see that the assets of the estate are collected and if debts exist converted into money as speedily as possible, consistent with the exercise of proper business discretion so as to prevent a sacrifice, in order that the claims of creditors may be satisfied, and the remainder, if any, be distributed among the heirs at law. It logically and reasonably follows that in furtherance of this general power, the court must have also such powers as may be incidental to it, and necessary to carry it out, and effectuate the purpose. —*People, etc., v. County Court, supra.* Among such incidental powers must of necessity be included, in a proper case, the power to order the continuance of the business by the administrator, temporarily at least, so as to dispose of the stock on hand to the best advantage. The power may be especially necessary and required in case of a manufactory, where it has on hand a large amount of raw material and partly manufactured articles, a sale of which in their then condition would be impossible without a sacrifice. It follows also that in order to carry out the power in such case that it may be absolutely necessary to purchase some other material, and where such purchase is made under such circumstances, we cannot see how it can be other than an expense incurred in the settlement of the estate, and hence proper to be allowed as of the second class, especially so where a profit to the general estate was realized from the business for which the purchase was made. It appearing from the evidence that the business in this case was conducted at a profit, no reason exists for the application of the rule prevailing in some cases that an expense incurred in the conduct of the business should not be allowed as a claim against the general

estate, but that for indemnity therefor the creditor or the administratrix, if she has paid it, should be limited to the assets employed in the business.—Mills' Ann. Stats., sec. 4780; *Howe v. The People,* 7 Colo. App. 540.

Counsel take the broad position, however, that expenses such as this in question can be presented for allowance only in the report of the administrator; that he contracts them, and is primarily liable therefor; that such claims as under the statute are allowable against the estate, can be only those claims which were debts against the decedent at the time of his death. In support of this we are cited to *Lusk v. Patterson,* 2 Colo. App. 310. It must be confessed that counsel therein find some support for their position, if some broad expressions used in the opinion in that case are to be accepted as a statement of the law in all cases. It must be remembered, however, as a fundamental rule, that all utterances of a court must be interpreted by and in connection with the facts to which they are applied. In that case the claim in question was of an attorney at law for services rendered to and under employment by the administratrix alone, without any authority from or order of the court. The claimant there had assisted the administratrix in the discharge of a personal duty devolving upon her because of the fact that she was administratrix. Here the liability was incurred by the administratrix by the express order and direction of the court. She was, as she was compelled to do, rendering obedience to the express mandate of the court. The expense was incurred in the doing of something not within the general scope of the power of the administratrix as such—something which independent of this order, the administratrix would have had no authority to have done, and could not have done, except at her own risk and expense. It

was in effect a liability created by the court itself—
that court which must ultimately pass upon its allow-
ance and classification. It further appears that a
profit was realized to the estate from the continua-
tion of the business. Whatever the rule may be with
reference to a liability of the character of that under
consideration in *Lusk v. Patterson,* and incurred as
that was without authority, we think that upon rea-
son and principle, a liability such as this, incurred
by the express order of the court, is an expense aris-
ing in the settlement of the estate, and may be pre-
sented either by the creditor, or by the administra-
trix. The debt was not incurred upon the credit of
the administratrix. We believe this conclusion is in
harmony with the general doctrines laid down by the
authorities with reference to claims arising in the
settlement of estates. It would be unreasonable to
hold that the administrator must be liable primarily
or otherwise, for an expense which he has been com-
pelled to incur by a mandate of the court which has
the jurisdiction to control his action. It would be
equally unreasonable to hold that the creditor who
furnished the materials which were admittedly used
in the settlement of the estate, and which aided·in
making a profit to the estate, and who sold upon the
credit of the estate, and presumably upon the order
of the court, should be precluded from the remedy
pursued by other creditors. This case itself dis-
closes the inequitable results which might ensue if
such were the law. Mrs. Melburn, the administra-
trix who contracted the liability, resigned before any
claim was presented. Her successor resisted the al-
lowance of the claim, and it is not to be supposed that
he would present it in his report, neither possibly
should he be required to do so, because it was not in-

curred by him nor during his administration.   We think the judgment of the district court was correct, and that it should be affirmed.        *Affirmed.*