## No. 8954.

### IN RE ESTATE OF BROWN, LUNATIC.

DISTRICT COURT—*Appeal from County Court—Jurisdiction,* section 11 of c. 173 of the Laws of 1915 is opposed to the provisions of sec. 23 of art VI of the Constitution and is void.    The provisions of sec. 163 c. 181 of the Laws of 1903 (Rev. Stat. sec. 7254) are still in full force, and the District Court has jurisdiction of an appeal from the County Court in a controversy involving the estate of a lunatic.

*Error to Denver District Court, Hon. Geo. W. Allen, Judge.*

Mr. T. J. O'DONNELL, Mr. J. W. GRAHAM and Mr. CANTON O'DONNELL, for plaintiffs in error.

Mr. CHARLES A. MURRAY, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

ON the 24th day of November, 1915, the defendant in error, as conservator of the estate of James W. Brown, insane, filed his petition in the County Court of the City and County of Denver, praying for an order directing him to sell all the real estate of the lunatic, consisting of an undivided one-twenty-fourth (1/24) interest in certain mining property, in Lake County, Colorado, to-wit: the Gordon and Bengal Tiger lode claims, and known as the Gordon-Tiger mining property, fully described in the petition.

The merits of the controversy are not involved in this proceeding, and it is necessary only to state the nature of the action.

The plaintiffs in error filed objections to the petition for reasons stated therein.

On the 20th day of January, 1916, the plaintiffs in error filed their petition in the same court, praying the removal of Niles as conservator, and for the appointment of a successor, to which petition the conservator duly filed his answer.

The two petitions, together with the protest to the one, and the answer to the other, were heard together, and on the 3rd day of April, 1916, orders were entered denying the petition of the heirs, asking for the removal of the conservator, and granting the petition of the conservator to sell the real estate.

To the entering of these orders the heirs duly objected and an appeal was taken to the District Court in the manner provided by the statute in such case.

On the 21st day of April, 1916, the conservator filed in said District Court his motion to dismiss the appeal in the following words:

"Comes now the above Conservator, by Chas. A. Murray, his attorney, and moves the court to dismiss all proceedings herein in this court, and the appeals from the County Court to this court herein, and to remand all matters to the County Court, from which they originated, for the reason that no appeal lies from the County Court in the matters involved herein, and this court has therefore no jurisdiction over these proceedings, or over the matters involved therein."

This motion was sustained by the court, the appeal dismissed, and this order and judgment is now before us for review.

The appeal was taken in compliance with section 163 of chapter 181, Laws 1903, which section provided that all questions of law and fact, relating to probate matters, or arising in proceedings under the act, shall be determined by the County Court, with the right of appeal from all final judgments to the District, with the right of review by the Court of Appeals or the Supreme Court, with which section the plaintiffs in error fully complied in this case. But by

section 11, chapter 173, Laws 1915, the said section was amended so as to read as follows:

"Section 163. All questions of law and fact relating to probate matters arising in the proceedings under the statutes on wills and administration of estates, or any portion thereof, in any county, shall be determined by the County Court of such county, unless at the time that application is made to have such questions set for hearing, or heard, the parties interested in the determination of such questions shall stipulate that such questions be certified to the District Court of the proper county, for its determination; or unless in the event that such stipulation is not made by the parties interested in the determination of such questions, the judge of the County Court shall order that such parties have such questions certified to the District Court of the proper county for its determination, or agree that such questions shall be disposed of by the County Court subject only to review by such order of disposition thereof by the Supreme Court. Whenever any such question has been certified to the District Court and has been determined therein, the clerk of such District Court shall, within ten days after such determination, transmit to the clerk of the County Court a transcript showing the disposition of such question, whereupon such County Court shall proceed in accordance with such finding, order or disposition thereof by such District Court, unless such District Court shall be superseded by the Supreme Court."

It will be observed that by this section all questions of law and fact, arising in probate matters, shall be determined by the County Court, unless: First, the parties interested in the determination shall stipulate that such questions be certified to the District Court for determination; or, second, unless in case such stipulation is not made, the judge of the County Court shall order that such questions be certified to the District Court for determination; or, third, or that the parties shall agree that such questions

shall be disposed of by the County Court, subject only to review by the Supreme Court.

In this case no such order or agreement was made, and the County Court determined the matter.

It was therefore held by the District Court that, in view of said amended section 163, it was without jurisdiction to entertain an appeal from the judgment of the County Court.

It is contended by the plaintiffs in error that the amended section 163 of the Act of 1915 is invalid in that it is in violation of Section 23, Art. 6, of the Constitution, which provides as follows:

"County Courts shall be courts of record and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts, and such other civil and criminal jurisdiction as may be conferred by law."

The Constitution nowhere vests original jurisdiction of probate matters upon any other court, and it is a well settled principle of the law that where a Constitution confers jurisdiction over a particular subject matter upon one court, and not upon another, the jurisdiction thus conferred is exclusive. *The People v. Richmond,* 16 Colo. 274-286, 26 Pac. 929.

The County Court under the Constitution and in the very nature of things is primarily a Probate Court.

The section of the statute complained of clearly divests the County Court of jurisdiction to determine all controversies in probate matters. It is therefore in plain violation of the provision of the Constitution which confers original and exclusive jurisdiction upon that court to determine such matters. Under the section the parties by agreement may divest the County Court of jurisdiction in all controverted probate matters, and confer that jurisdiction upon the District Court, and that the judge of the County Court, contrary to the will of the parties, may order the parties to so stipulate to divest the County Court

of such jurisdiction, or that the District Court shall be denied jurisdiction of appeal to the District Court.

It is true that the section does not provide for the transfer of the whole case, but for the transfer and determination of all questions of law and fact, and to cause to be certified to the County Court its conclusions upon such questions of law and fact.

But to take from a court the power to hear and determine all questions of law and fact is to deprive it of the very essence of jurisdiction of the subject matter of the controversy. Indeed, both lexicographers and law writers define the term "jurisdiction," as used in the law, as the power and authority to hear and determine. 24 Cyc. 375; 11 Cyc. 660.

It is well settled that the authority to hear and determine is jurisdiction to try all the questions involved in the controversy, and that if a court legally obtains jurisdiction of the parties and the subject matter, it may decide all questions arising in the cause, and its decisions are binding until reversed by a competent court. 11 Cyc. 677.

It has likewise been held that the power to construe wills, or to inquire into their validity and legal effect, and to determine the rights of the parties thereunder is conceded to probate and like courts where the exercise of such power is necessarily incidental to the carrying into effect the powers expressly granted over the administration, settlement and distribution of estates. 11 Cyc. 680 and authorities cited. The Constitution having expressly conferred original and therefore exclusive jurisdiction upon the County Court to determine all matters of probate, it is not within the power of the Legislature to direct that the parties interested in such a case may or shall by agreement divest that court of such jurisdiction and confer it upon another and different court, nor to empower the court to divest itself of such constitutionally imposed power.

It is held generally, both in England and the United States, that the lawful jurisdiction of courts can not be

ousted by the private agreements of individuals, and that such agreements are illegal and void as against public policy. 7 R. C. L. p. 1046.

It is also a well recognized principle that where the judicial power of courts, either original or appellate, is fixed by constitutional provisions, the Legislature can not either limit or extend that jurisdiction. *Chinn v. Superior Court,* 156 Cal. 478, 105 Pac. 580; *McKennon v. Hall,* 10 Colo. App. 291, 50 Pac. 1052.

The constitutional provisions of the State of Idaho as to the jurisdiction of District and Probate Courts are nearly identical with those provisions in the Colorado Constitution, except that in the section of the Idaho Constitution relating to Probate Courts there is omitted the words, "and such other civil and criminal jurisdiction as may be conferred by law."

The Idaho provisions are as follows:

"The District Court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." (Sec. 20, Art. 5.)

"The Probate Courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment of guardians." (Sec. 21, Art. 5.)

In *Estate v. McVay,* on rehearing, 14 Idaho 64, 93 Pac. 31, discussing the subject now under consideration, it was said:

"An examination of Secs. 20 and 21, Art. 5, of the Constitution, discloses at once the fact that the framers of that instrument saw fit to classify 'matters of probate, settlement of estates of deceased persons and appointment of guardians' as separate, distinct and aside from 'cases at law and in equity,' over which they gave the District Court original jurisdiction. It will also be seen from Sec. 20 that 'in all cases, both at law and in equity,' from which they have clearly distinguished 'matters of probate, settlement of estates of deceased persons, and appointment of guard-

ians,' the District Court has 'original jurisdiction,' and that in all other matters which the Legislature might provide for being heard in District Courts, the jurisdiction should be solely 'appellate.' The words 'original jurisdiction,' and 'appellate jurisdiction,' as employed in Sec. 20, are used in the clearest and most unequivocal contra-distinction to each other. By Sec. 21, the Probate Courts are given the sole and exclusive 'original jurisdiction' in all matters of probate. As to those matters the Probate Court is a court of record, to the judgment, records and proceedings of which, in such matters, absolute verity is attached in every respect as fully and completely as can attach to the records, judgments and proceedings of District Courts or other courts of record. (*Clark v. Rossier*, 10 Ida. 348, 78 Pac. 358, 3 Ann. Cas. 231.) Under Sec. 20, Art. 5, of the Constitution, the Legislature is the sole and exclusive judge as to the extent and scope of the 'appellate jurisdiction' that they will confer upon District Courts. In other words, they may limit it to any case or class of cases, or subject matter they may see fit, or they may not grant any at all; but it was never intended by this or any other provision of the Constitution that the Legislature could circumvent the clearest provisions and intent of that instrument, by giving to the District Court, under the guise of the right to try appeals, what amounts to an original jurisdiction to hear and determine matters of probate and settlement of estates of deceased persons."

The opinion in the case of *Stevens v. Meyers*, 62 Ore. 372, 126 Pac. 29, contains a very instructive discussion, confirmatory of the principle we have adopted. It was there said:

"But another and conclusive reason why the tax here imposed can not be justified under the section of the Constitution quoted is that the settlement of estates in courts having probate jurisdiction is essentially proceedings *in rem*, and not 'civil suits commenced and prosecuted' within the meaning of the Constitution. It is upon this theory that

the Federal Courts have uniformly disclaimed jurisdiction in probate matters, since such jurisdiction is not conferred by the words, 'the judicial power shall extend to all cases in law and equity arising,' etc. Sec. 2, Art. 3, Const. U. S."

We must therefore hold that amended section 163, Laws of 1915, is invalid as being in conflict with section 23, Art. 6, of the Constitution. The judgment of the District Court is reversed, with instructions to overrule the motion to dismiss and to determine the appeal on its merits.

*En banc.*

White, J., concurs in the conclusion.