No. 14,748.

ESTATE OF MCCRONE.
MARTIN, Executor *v.* REID ET AL.
(101 P. [2d] 25)

Decided March 25, 1940.

Mr. CHARLES R. HAYS, Mr. ERNEST LEE WILLIAMS, for plaintiff in error.

Messrs. LUXFORD & BRAUNS, for defendants in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THIS cause is before us on writ of error to review a judgment of the county court of the City and County of Denver denying probate of a will. Robert A. McCrone died October 9, 1939, leaving a purported last will and testament executed by him May 24, 1939. The executor named therein duly offered the will for probate. Two nieces of decedent and two nephews—the latter by their conservator—presumably heirs at law of decedent, though that fact does not appear in the record, filed a caveat and objections to the admission of the will. Various grounds of objection were set forth, some of which unquestionably would be sufficient to invalidate the will if sustained by proof. As to these grounds, the legal sufficiency of which could not be questioned, issue was joined by answer which was in effect a general denial. One ground, the legal sufficiency of which is questioned by proponent, is that the decedent, prior to his death and prior to making his will, had been adjudicated a mental incompetent. The date of this adjudication was February 14, 1939. Caveators allege that a conservator was appointed on that date "who had charge both of the person and property of Robert A. McCrone at the time the alleged will in question was executed and at the time of his death." The answer denied that the conservator "had charge of the person of Robert A. McCrone at the time the said will was executed or at the time of his death, or at any other time. It was alleged in the answer that there was an adjudication of decedent's incompetency to manage and care for himself or his property unassisted, due to an illness necessitating his removal to the hospital and to the fact that he had no relatives present in Colorado who might assist him. The appointment of a conservator was admitted. It was further admitted that the adjudication of incompetency was in effect at the time the will was made and at the time of death. It was alleged also "that thereafter [after the appointment of the conservator] and prior to the execution of said will, the said Robert A. McCrone re-

covered from his illness and that he was, at the time he executed said will, of sound mind and memory. That he died on the 9th day of October, 1939, following an emergency operation for appendicitis."

Caveators demurred generally to the answer for insufficiency of facts to constitute a defense to the caveat. This demurrer was sustained by the court and proponent, electing to stand upon his answer, an order was entered denying probate of the will. Grounds of objection clearly sufficient in law to invalidate the will if established were denied by the answer and issues of fact thus presented to the court which it should have determined, unless the adjudication of incompetency operated as a conclusive bar to the making of a valid will by decedent so long as it remained in effect. We are of the opinion that it did not so operate. That there was a recovery from the illness and that at the time of the execution of the will decedent was of sound mind and memory is alleged in the answer. For the purposes of the demurrer these allegations are to be taken as true. In 68 C.J., page 437, section 32, it is said: "A person is not incompetent to make a will because he has been adjudicated to be of unsound mind or incapable of managing his property, and a guardian of his person or estate has been appointed, or because he has been confined in an insane hospital. Conversely, a judgment declaring a person to be of sound mind is not conclusive as to his competency." In the same volume at page 478, section 86, we find the statement: "An adjudication of unsoundness of mind and the appointment of a guardian is not conclusive evidence of incapacity, although the guardianship existed at the time the will was executed. The effect of a guardianship may be overcome by proof that the testator was mentally competent at the time the will was executed. While a judgment in proceedings to declare testator incompetent to manage his property or care for himself is evidence of the mental condition of the testator at the time of the

adjudication it has been both affirmed and denied that such adjudication is prima facie evidence of testamentary incapacity. The appointment of a conservator is not conclusive." We think the foregoing states the correct rule and that such adjudications do not operate as a conclusive bar. Under the record before us it was error for the county court to sustain the demurrer. Accordingly the judgment is reversed and the cause remanded with instructions to overrule the demurrer and to proceed in the regular manner to determine the matters in issue.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.