## No. 14,947.

HILLIARD ET AL. ADMINISTRATORS *v.*
MCCRORY, CONSERVATOR.
(134 P. [2d] 1057)

Decided February 23, 1943.

Messrs. ELLIS, MELVILLE & WINNER, for plaintiffs in error.

Messrs. NEWTON, DAVIS & DRINKWATER, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as the administrators, defendant in error as the conservator, and the mental incompentent (deceased) as Shelby.

Several questions are argued. We deal with but one because its solution disposes of all others presented by the record. That question is the validity of an order of the county court directing the conservator, on behalf of Shelby, to file a petition in bankruptcy in the U. S. District Court. We proceed upon the following assumptions.

Shelby's affairs became hopelessly entangled and he went insane. A conservator was appointed who applied to the county court to file a petition in bankruptcy (i. e. for an "arrangement" under chapter XII of the Federal Bankruptcy Act of 1938) in the U. S. District Court. Approval was given and such petition filed and granted. A trustee in bankruptcy was appointed by the federal court and all assets turned over to him by the conservator. Shelby died and the administrators were appointed. An "arrangement" was agreed upon providing for the organization of a corporation and the issuance of

its stock to creditors of Shelby as per their claims. The trustee in bankruptcy transferred all assets to that corporation and the final report of the conservator to the county court was filed and approved and he was discharged, over the objection of the administrators.

We say "assumptions" because so much seems undisputed and essential to an understanding of the problem and its relation to the litigation. Some of these facts appear of record, some are taken from the briefs, and the others irresistibly follow. We must further assume that if ever a state of facts existed under which a probate court in Colorado had jurisdiction to enter such an order as that here complained of they were present in this case. There is no question of discretion.

■ While it is the duty of an administrator to terminate business with all convenient speed and close and distribute the estate, it is the duty of a conservator to conserve. He steps into the shoes of his ward and does all lawful things which the latter could and presumably would have done, had he been competent, to protect the property and safeguard the interest of its owner and his dependents and creditors. Since the ward could take involuntary bankruptcy the conservator, on reason, if that course promised most for all interested, should be permitted to do so. It would necessarily follow that such action rests in the discretion of the conservator, subject to the approval of the court appointing him. In other words, wise exercise of discretion and court approval granted, the only obstacle must be some statutory barrier or positive rule of law.

■ The county court has original exclusive jurisdiction of the appointment of conservators and the settlement of their accounts. Sec. 23, art. VI, Colorado Constitution. An insane person is a ward of the state. '35 C.S.A., c. 105, §42. In the case of the insolvent estate of a mental incompetent, complete jurisdiction and control rest with the county court. '35 C.S.A., c. 176, §234. The powers and duties of conservators in this jurisdic-

tion are set forth in general terms, with no attempt at enumeration. '35 C.S.A., c. 176, §115. It could not be otherwise. The acts permissible are necessarily multifarious and diverse according to the facts of each particular case. Those decisions holding or intimating "express" statutory authority must be found in each instance, must necessarily be interpreted as like decisions holding that express authority must be granted by the federal constitution for every act of the federal government. These simply mean, as has been universally held, that the power must be express or *necessarily implied*. Were it otherwise all discretion would disappear and the court often be powerless.

■■ Cases directly in point on the question before us are notable for their paucity. Several are cited by counsel upon which vigorous arguments are predicated, but which we ignore because of variation in statutes, or lack of similarity of officials and duties, or fatal discrepancies in facts. Two seem to be otherwise, one supporting the position of the administrators, *In Re Harris' Estate*, 99 Utah 464, 105 P. (2d) 461; the other supporting the position of the conservator, *In Re Clinton*, 41 F. (2d) 749. The latter appeals to us as resting upon the better reasoning and apparently supported by a leading text writer, Collier on Bankruptcy (14th ed.), vol. 1, p. 595, §4.10. This is further reinforced by at least one federal statute, and one decided case strongly pointing in the same direction. If a voluntary bankrupt becomes insane and a conservator be appointed, the bankruptcy proceeding continues as before. U.S.C.A., Title 11, c. 3, §26. If an insolvent becomes insane a proceeding in involuntary bankruptcy may be resorted to by creditors. *In Re Evanishyn*, 107 F. (2d) 742. In the instant case it appears that similar action was threatened by creditors and only forestalled by the order of the county court in question and the action of the conservator thereunder. Assuming a slight variation in the terms of that order and action of the federal court in accordance therewith

so that when the corporation was organized its stock had been issued in the name of the conservator as such and by him transferred and distributed to creditors, the identical result would have been reached and the objections now raised by the administrators be entirely unsupported. This strikes us as a distinction without a difference. Our conclusion from the foregoing would be that the disputed order was valid.

This would terminate the opinion but for the decision of this court cited and strongly relied upon by the administrators. *In Re Estate of Brown,* 65 Colo. 341, 176 Pac. 477. In that case section 11, chapter 143, S.L. ·1915, was held unconstitutional. The section provided for the certification of questions arising in the county court in the administration of estates to the district court on stipulation, or on the court's own motion without stipulation, if the parties declined to waive the right of appeal to the district court. Under authority thereof an appeal from the county court to the district court was dismissed. We held the act in violation of section 23, article VI, of the state Constitution because it divested the county court of an original and exclusive jurisdiction conferred by the Constitution. The question, and the only question, presented was the power of the court, acting under the questioned statute, to deny the parties, without their consent, the right of appeal to the district court because they had not agreed that the cause be certified to that court. So far as our decision went beyond that question it was of course dictum. Nevertheless we said: "It is not within the power of the Legislature to direct that the parties interested in such a case may or shall by agreement divest that court of such jurisdiction and confer it upon another and different court, nor to empower the court to divest itself of such constitutionally imposed power." In that case the court did not divest itself of jurisdiction, but assumed and exercised it and rendered judgment. In the instant case the court did not divest itself of jurisdic-

374

tion but exercised it. It appointed the conservator, entertained and granted his petition for the proceeding in the federal court, received and approved his report showing that action and what was done thereunder, and entered final judgment. No right of appeal or review was interfered with. Our conclusion therefore is that the authority is not in point and that so much of it as appears applicable is dictum. So far as this record discloses it appears that the action of the county court complained of was a proper action in the exercise of a wise and vested discretion, was for the best interest of all concerned, and in all human probability reached the same result which would have been reached by an involuntary petition in bankruptcy irrespective of the petition of the conservator and the order granted.

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE JACKSON concur.