## No. 17,454.

LIEBER *v.* SHERMAN ET AL., EXECUTORS.

(274 P. [2d] 816)

Decided September 20, 1954.   Rehearing denied October 25, 1954.

FRANCES DE LOST, Mr. GEORGE J. FRANCIS, for plaintiff in error.

Mr. VICTOR A. PELUSO, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to plaintiff in error as petitioner and to defendants in error as executors.

December 1, 1948, petitioner, as lessor, leased to Rubin Sherman, now deceased, certain premises used for business purposes in the City of Hugo, Colorado. The lease was for a term of five years commencing December 1, 1949, at a monthly rental of $75.00, and it was provided

therein that it should be binding on the heirs, executors and legal representatives of the parties.

Upon the death of the tenant, March 17, 1952, under broad powers contained in the will of said deceased, the executors took possession of the leased premises and continued the business of decedent. Beginning April 24, 1952, the executors paid the rent on the leased premises until the month of January, 1953. February 6, 1953, petitioner received a letter from the attorney for the executors, the pertinent parts of which were as follows:

"Reference is hereby made to Business Lease entered into between Rubin Sherman and yourself, dated Dec. 1, 1949, and running until Dec. 1, 1954. Acting upon my instructions as attorney for the executors, said executors refused to pay the rent due as of January 1, 1953.

" * * * Accordingly, since you have failed to file your claim within the statutory period, it is automatically barred by operation of the statute, and I have so advised the executors. Therefore, the lease is no longer in effect, and no rent due thereunder."

In the estate proceedings the statutory period within which claims might be filed against the estate expired December 13, 1952. Petitioner did not file a claim prior to the expiration of that date.

March 5, 1954, petitioner filed a petition in the estate proceedings in which he alleged, in addition to the foregoing facts: "That during the period described above, including December 13, 1952, the estate herein was not in default on rental of the above premises, said rental having been paid beyond said 13th day of December, 1952." The prayer in the petition was that the court adjudge whether the estate was liable to petitioner for rentals due under said lease for the unexpired term thereof. May 12, 1954, a hearing was held on the petition and it was denied. Petitioner thereupon immediately filed a formal claim in said estate for $1,725.00 as, "Rent owing on lease for 120 Clifford St., Hugo, Colo., from January 1, 1953 to December 1, 1954." This claim also was denied.

Petitioner brings the cause here by writ of error for review of the proceedings and judgment dismissing his petition, and denying his claim.

Question to be Determined.

*Was the rent due for the unexpired term of the lease a legitimate expense of administration of lessee's estate and payable as a second class claim against it?*

The question is answered in the negative. Counsel for petitioner rely on the cases of *Fleming, Adm'r. v. Kelly, Maus & Co.,* 18 Colo. App. 23, 69 Pac. 272, and *United States Fidelity and Guaranty Co. v. People,* 44 Colo. 557, 98 Pac. 828. In each of these cases it was held that, under the circumstances presented, the respective claimants were entitled to recover for bills contracted as a necessary and essential expense of administration, notwithstanding the fact that no formal claim had been filed within the period of time required by the statute of nonclaim.

The facts in the case at bar are far different from those in any case to which our attention has been directed, under which expenditures of estate funds have been approved as an expense of administration. It is true that for a period of time which extended beyond the date for the filing of claims the executors continued to carry on the mercantile business operated by deceased. All rent due under the lease, while the premises were thus used, was paid.

It affirmatively appears from the record herein that the claim which was presented to the trial court was for rent due on the unexpired lease after the premises had been vacated. No business was being conducted on behalf of deceased's estate for the period of time for which rent was demanded, and the sole basis for the claim is to be found in the provisions of the lease itself which purported to bind the legal representatives of deceased, and it cannot in any manner be supported as an expense of administration. We have examined the authorities pre-

sented by petitioner and find them inapplicable to the facts in the instant case.

■ Petitioner, as the lessor of the premises, at the time of the death of his lessee had an "unmatured or contingent" claim against the estate for the rental due under the terms of the lease executed by deceased. Section 207, chapter 176, '35 C.S.A., as amended, S.L. '41, p. 912, §24, provides inter alia:

"All claims, including unmatured and contingent claims, shall be filed within six months of the issuance of letters, including letters issued to a special administrator to collect, and if not filed within said six months shall be forever barred against said estate, provided that claims of the second class need not be filed within said period of six months.

"If such claims are unmatured or contingent, or otherwise undeterminable in amount, the claimant shall, nevertheless, file the claim in the same manner as claims due and determinable in amount. * * * "

Because no claim was filed within the statutory period based on the lease in question, the same is forever barred.

Accordingly, the judgment is affirmed.