## No. 17,658.

DORCAS L. JACKSON AND THE INDUSTRIAL COMMISSION OF
COLORADO *v.* PAUL H. BATES, ADMINISTRATOR, ETC.

(293 P. [2d] 962)

Decided February 20, 1956. Rehearing denied March 12, 1956.

Mr. SAMUEL CHUTKOW, Mr. NOAH A. ATLER, Mr. ARNOLD M. CHUTKOW, Mr. EDWARD I. HALIGMAN, for plaintiffs in error.

Messrs. ROBINSON & ROBINSON, Mr. LAIRD CAMPBELL, Mr. W. F. ROBINSON, JR., Mr. THOMAS M. SULLIVAN, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

THIS case comes from the county court of Washington County and involves the non-allowance of three claims against the estate of Clarence F. Haas, deceased. The parties appear here as they appeared in the trial court. On December 23, 1953 Dorcas L. Jackson, the surviving wife of James L. Jackson, deceased, filed her claim in the Haas estate for the wrongful death of her husband; the same day the Colorado Industrial Commission, administering the State Compensation Fund, as assignee of the cause of action of Blanche McDonald, surviving wife of Wesley A. McDonald, filed a similar claim in the estate for the wrongful death of her husband. We refer to this claimant as the Compensation Fund. The county court disallowed and dismissed the claim of Dorcas L. Jackson under the six months' non-claim statute, C.R.S. 1953, 152-12-12, and disallowed and dismissed the assigned claim of Blanche McDonald under the same statute. An amended or substituted claim by the Compensation Fund on the McDonald death was tendered, accepted, filed and dismissed under the same statute on January 7, 1955. Claimants bring the case here by writ of error.

As grounds for reversal plaintiffs urge:

1. The trial court erred in its interpretation of the statute of non-claims, C.R.S. 1953, 152-12-12, in that:

(a) ˙ (b) The "issuance" of letters of administration occurs when they are signed, sealed and attested and do not relate back to the date of the appointment of the fiduciary.

(c) The time for the running of the period of non-claims is computed from the date of the "issuance" of letters.

2. The State Compensation Fund is an agency of the state and claims by it are not subject to the bar of the statute of non-claims.

The claims are based upon the death of the husband of the claimant, Dorcas J. Jackson, for her four minor children, the claimant having since remarried; and upon the death of the husband of Blanche McDonald, for herself and one minor child. At the time of his death, Wesley A. McDonald was sheriff and James L. Jackson was deputy sheriff of Washington County, Colorado. On November 8, 1952 the sheriff and his deputy had gone to the farm of Clarence P. Haas upon the complaint of the father of Haas to have his son admitted to the psychopathic hospital for observation. Upon arriving at the farm, both the sheriff and deputy were shot and killed by Clarence P. Haas who thereafter committed suicide.

On April 15, 1953 a petition for letters of administration was filed by the father of the deceased son, Clarence P. Haas, requesting that letters of administration be granted to Paul N. Bates. The petition for letters represented that deceased died possessed of personal property valued at $1550.00, and seized of real estate of the value of $12,000.00, with annual rentals of $500.00, and named the father and mother of the deceased as his heirs. On the same day the county court held a hearing and entered of record an order appointing Paul N. Bates administrator of the estate, the letters to be granted "upon his taking the oath prescribed by statute, and entering into a bond" of $2000.00 "with surety or sureties * * * to be

approved by the court." The oath and bond of Paul N. Bates as administrator were filed and approved April 15, 1953.

On August 11, 1953 a verified petition was filed by the attorney for the administrator, reciting:

"That through inadvertence the Notice to Creditors was not published in this estate within fifteen days after the date that letters were issued.

"That the Notice of Adjustment Day should be published fixing the time on or before which claims shall be filed against said estate."

Pursuant to said petition, the court on August 11, 1953:

" * * * ORDERED, That all claims against said Estate · shall be filed in this Estate, on or before the 26th day of October, A. D. 1953.

"IT IS FURTHER ORDERED That any and all claims filed after such date shall be barred," and that the notice to creditors be published for four successive weeks advising creditors to file claims "within the time herein set forth."

A publisher's affidavit, proof of the publication of the notice to creditors, was filed September 19, 1953 showing its publication for five successive weeks, the first publication being on August 13, 1953 and the last on September 10, 1953. C.R.S. 1953, 152-12-4, provides:

" * * * In any case, where by petition it shall be made to appear to the court that notice to creditors was not published within fifteen days after the date of issuance of the letters, through inadvertence or error, the court may order publication of a notice to creditors * * *, such order shall *fix the date* on or before which claims shall be filed, *not earlier than six months* after the issuance of letters, *nor earlier than thirty days* after the first publication, *nor later than six months* after the first publication, and any claims filed before the date so set shall not be barred as provided in Section 152-12-12,

but claims filed after such date shall be so barred." (Emphasis supplied.)

On *November 30, 1953* letters of administration to Paul N. Bates were filed, appearing to have been signed on April 15, 1953. On December 23, 1953 claimant Dorcas L. Jackson filed her verified claim for $10,000.00; and on the same day the Compensation Fund filed its verified claim for $8914.00. Later and on January 7, 1955 the Compensation Fund tendered its verified amended claim for $8914.00 for funds awarded to the children of James L. Jackson, deceased, under C.R.S. 1953, 81-13-8.

On January 7, 1955 the administrator of the Haas estate filed a motion to dismiss both claims on the following grounds:

1. "A. * * * that Letters of Administration were issued * * * under date of April 15, 1953 in accordance with the Court Order, although said Letters were issued nunc pro tunc at a later date and were not recorded until November 30, 1953.

"B. That under Court Order, Notice to Creditors was published * * * the last publication on September 10, 1953, which Notice advised all creditors to file Claims on or before October 26, 1953, or they would be barred."

2. Further, " * * * The Claims, and each of them, should be barred and disallowed under the provisions of Chapter 152-7-3, Colorado Revised Statutes of 1953," the deceased having "died on November 8th, 1952 and the Claims * * * were not filed until December 23, 1953."

On January 7, 1955 the county court entered its order and judgment dismissing both the Jackson claim and the claim filed by the Compensation Fund as assignee of the McDonald claim, as not having been filed within six months of the issuance of letters as required by C.R.S. 1953, 152-12-12. The court further ordered the claim filed by the Compensation Fund on the McDonald death to be filed and dismissed for the same reason. A motion for a new trial was dispensed with.

Louise Potter was clerk of the county court on April

15, 1953, on November 30, 1953 and on December 23, 1953, and had charge of the county court records. She testified that on April 15, 1953 there was filed in her office the petition for letters of administration, the court order appointing the administrator, the oath and the bond. No letters of administration were signed or filed on that day. Later, letters of administration bearing the date of April 15, 1953 were signed and recorded on November 30, 1953; that it was her duty and obligation to enter or file the letters; that her failure to enter or file same on April 15, 1953 was a clerical error on her part. She testified in part:

"The letters were issued as of that date, to refer back to the date of the court order that the letters be issued upon the filing of the oath and bond."

"Q. * * * Do you find any entries, or the recording of either a motion or order to issue these letters nunc pro tunc as of April 15, 1953?

"A. No, sir."

The case presented here does not involve the merits of the claims filed, but only the timeliness of their filing.

Plaintiffs first urge that "the issuance of the letters of administration occurs when they are signed, sealed and attested and do not relate back to the date of the appointment of the fiduciary."

The intestate here died November 8, 1952. The petition for letters of administration was filed April 15, 1953 after the preference rights of relatives or creditors had expired. By C.R.S. 1953, 152-7-1, the county judge is authorized to determine when "administration shall be granted," and to appoint such person as he "may think will best manage the estate." In Colorado the county court exercises general jurisdiction over proceedings in probate.

The granting of letters of administration is a judicial act of the judge. He must judicially determine whether he has jurisdiction over the matters before him, must determine the approximate value of the estate,

determine the person to be appointed administrator, fix and approve the bond required, and administer the oath. These acts require judicial discretion. In this case the judge performed his judicial functions and ordered the appointment of the administrator, directed that letters be granted on taking the oath and giving a bond with sureties approved by the court. The oath and bond were that day approved and filed. All conditions being complied with, the order constitutes the appointment valid against collateral attack.

"The production of letters is evidence but not the only evidence of the administrator's appointment. The appointment is a matter of record, and by the record, if necessary, it may be established. *Denver Ry. Co. v. Woodward,* 4 Colo. 1.

The statute, C.R.S. 1953, 152-7-1, provides for and it is the usual practice that the letters of administration be issued promptly. They are an exemplification of the record, and prima facie evidence of the appointment. The issuance or signing of the letters is a ministerial act of the clerk who is charged with that duty. Her failure to sign the letters until a later date did not affect the regularity of the appointment. The appointment of record being effective as of April 15, 1953, the subsequent acts of the administrator are presumed valid.

On August 11, 1953, under the provisions of C.R.S. 1953, 152-12-4, a notice to creditors was published as required, fixing October 26, 1953 for the filing of claims and barring claims filed after such date. This notice was regularly published, and all claimants were there charged with notice of the date fixed for the filing of claims. The Jackson claim and the McDonald claim assigned to the Compensation Fund were not filed until December 23, 1953. The "amended" claim of the Compensation Insurance Fund was not filed until January 7, 1955. All were subsequent to the date set for filing claims as fixed in the notice. The filing of all the claims came too late and they were barred.

The statute of "non-claims," C.R.S. 1953, 152-12-12, is in part as follows:

"All claims, including unmatured and contingent claims, shall be filed within six months of the issuance of letters * * * and if not filed within six months shall be forever barred against said estate, provided that claims of the second class need not be filed within said period of six months. * * * "

The appointment of the administrator having become effective April 15, 1953, the subsequent "issuance" of the letters as used in this statute must be held to relate back to the date the administration became effective, and the six months' limitation for the filing of the claim is here applicable.

Further, the one year limitation for creditors to apply for administration, C.R.S. 1953, 152-7-2, provides:

"In case letters * * * of administration shall not have been theretofore issued upon the request of any other person, creditors of any person hereafter dying may apply for administration of his estate within one year after the date of decease, but not afterwards. * * * "

C.R.S. 1953, 152-7-3, provides:

"If such letters are not issued within the time specified, all claims of creditors shall be forever barred * * *."

█ The deceased died November 8, 1952. No letters of administration were "issued" within the year after the deceased's death, the same being "signed" on November 30, 1953, although the appointment of the administrator was made and his bond approved on April 15, 1953. The creditors' claims were filed December 23, 1953 and January 7, 1955, more than a year after decedent's death. If the claimants relied on the date of the signing of the letters, then the one year limitation barred any application to administer the estate and any filing of claims by them.

█ The remaining point is that the Compensation Fund is an agency of the state not subject to any statutes of limitation. The original claim of the Compensa-

tion Fund was as assignee of the claimant. Its "amended claim" recites it was as "assigned under c. 81, Art. 13, sec. 8, C.R.S. 1953." This section did not create a new cause of action but merely permits the assignment of claimant's original claim. Such claims are not original claims either for or against the State of Colorado, but the private claims of individuals assigned to the Compensation Fund for subrogation purposes. These were ordinary claims of the fifth class under C.R.S. 1953, 152-12-2. The doctrine of state sovereignty may not be enlarged to include such ordinary claims as this, where the state is only incidentally affected. As assignee of such claim the Compensation Fund stands in the same position as its assignors, and is bound by the same limitations.

There was no error in the court's dismissal of the three claims.

The judgment is affirmed. .

Mr. Justice Moore and Mr. Justice Knauss specially concur.

Mr. Chief Justice Alter dissents.

Mr. Justice Moore specially concurring in the result.

A petition for letters of administration was filed in the county court of Washington county in the matter of the estate of Clarence P. Haas, deceased. April 15, 1953, pursuant to the prayer of said petition, Paul H. Bates was appointed administrator, and on the same date he took the oath and furnished the required bond.

No notice to creditors was published prior to August 11, 1953, on which date a petition was filed asking the court to fix a date "on or before which claims shall be filed against said estate." The court fixed October 26, 1953, as the last day for the filing of claims. Authority for this procedure is found in C.R.S. 1953, 152-12-4, wherein it is provided that where notice to creditors has

not been published through inadvertence or error, the court may order publication thereof, and that, "such order shall fix the date on or before which claims shall be filed, not earlier than six months *after the issuance* of letters, nor earlier than thirty days after the first publication, nor later than six months after the first publication, * * * but claims filed after such date shall be barred." (Emphasis supplied.)

In the instant case the ministerial acts, performed by the Clerk of the Court, of signing and delivering a document called "letters of administration," were not performed until November 30, 1953.

December 23, 1953, the claim of Dorcas Jackson was filed. At the same time the Colorado Industrial Commission filed a claim which had been assigned to it by one Blanche McDonald. Under the language of the statute authorizing the court to fix a date for filing of claims, where publication of notice thereof has not been had, if the words "after the issuance of letters" should be construed to mean "after an administrator has been duly appointed and qualified," then each of said claims is barred under the statute of "non-claims." C.R.S. 1953, 152-12-12.

If the words "after the issuance of letters" can only be construed to mean "after the ministerial act of signing a paper evidencing the previous appointment of an administrator," then the claims are not barred on account of late filing and they should be allowed or disallowed upon their merits.

It is clear to me that when the court appointed the administrator, administered the oath and approved the bond, there was an "issuance of letters" of administration within the meaning of the language of the statute. This being true, the claims were barred and the trial court was correct in dismissing them.

Mr. Justice Knauss authorizes me to state that he joins me in this specially concurring opinion.