No. 20,077.

ELIZABETH L. BEGG, CONSERVATRIX OF THE ESTATE OF
GRANT J. KIRTS, A/K/A JOHN GRANT KIRTS, A MENTAL
INCOMPETENT, *v.* HON. ROSCOE PILE, JUDGE OF THE COUNTY
COURT OF JEFFERSON COUNTY, AND LOUISE F. RAMSTETTER.

(386 P. [2d] 347)

Decided October 28, 1963.     Rehearing denied November 18, 1963.

Mr. ELIAS J. CANDELL, for plaintiff in error.

Mr. ROY H. MCVICKER, JR., Mrs. PATRICIA H. MALOY,
for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFF in error Begg brought suit in the district court for declaratory judgment. This writ of error is directed to a judgment declaring defendant in error Louise F. Ramstetter the duly appointed and qualified conservatrix of the estate and a decree that the Jefferson County court has jurisdiction of the estate.

The appointment of Ramstetter as conservatrix of the affairs of Kirts was entered by the county court on March 26, 1959, and for more than a year and a half the estate had been administered and reports filed under the jurisdiction of that court. The record shows that the estate was a small one, but that the rather meager income should be conserved and spent for the needs and comforts of Kirts, which was being done.

On May 11, 1961, Begg filed in the Jefferson County court a motion to dismiss on the grounds of lack of jurisdiction. While her motion was pending and still unheard in the Jefferson County court, she went into the county court of Gilpin County, filed her petition for letters of conservatorship, alleging inter alia "that no other conservator has been appointed by any county court within this state pursuant to law." She took the oath, gave bond, and was appointed by that court as conservatrix of the estate.

Begg's motion to dismiss was heard on May 29, 1961. Begg, armed with her letters of conservatorship from Gilpin County, urged that the proceedings that she commenced there be recognized. The Jefferson County court had a full hearing on Begg's motion. Her position was that the court lacked jurisdiction for the reason that the mental incompetent was not a resident of Jefferson County, and that there was no property of the mental incompetent in the county. She also averred that the court in making the appointment had failed to enter findings showing jurisdiction of either the person of the incompetent or of his property. At the conclusion of the hearing the county court determined as a fact that there was property in Jefferson County, that it was necessary to

conserve the same, and that Ramstetter as a resident of that county and as a niece of the mental incompetent was the proper person to be appointed. That ruling was never challenged by writ of error.

Persisting in her efforts to oust Ramstetter as conservatrix and to terminate the jurisdiction of the Jefferson County court, Begg filed suit in the district court under the declaratory judgment statute and the Rules of Civil Procedure. She asked the court "to declare her rights and legal relationship in the premises" and to decree which of the two county courts had jurisdiction of the estate.

An extensive hearing was had in the district court. Much of the testimony explored whether there was property of the mental incompetent in Jefferson County at the time the county court appointed Ramstetter. An attempt was made to show to the district court that the orders entered by the county court were deficient in failing to recite upon what facts the court had determined that it had jurisdiction. The court denied a motion to dismiss the action and made findings of fact and conclusions of law in which it determined that there was property in Jefferson County; that it was necessary to conserve it; that there was no property in Gilpin County as of the time of the commencement of the proceedings there, and decreed that the Jefferson County court had jurisdiction.

Although the result of the district court suit was the upholding of the jurisdiction of the Jefferson County court, the suit should never have been entertained and should have been dismissed by the district court. The action, regardless of its label, was not a proper one in a declaratory judgment proceedings. This suit, stripped of all of the surplusages contained in the five page complaint, was nothing more or less than a collateral attack upon a judgment of a court of general jurisdiction. Such is a county court sitting in probate. This court has defined it to be a court of *complete* and exclusive jurisdiction over estates, including the estates of mental incom-

petents. See *Hilliard et. al., Administrators v. McCrory, Conservator,* 110 Colo. 369, 134 P. (2d) 1057; *Jackson v. Bates,* 133 Colo. 248, 293 P. (2d) 962.

When jurisdiction of a court of general jurisdiction is attacked collaterally, it is presumed that the court had jurisdiction and acted properly unless the record *affirmatively shows* lack of jurisdiction. There was no such showing here. In *Jackson v. Bates,* supra, although the proceedings were in the estate of a decedent rather than in that of a mental incompetent (there is no difference in the jurisdiction exercised in the county court in either proceedings), this court said:

"The granting of letters of administration is a judicial act of the judge. He must judicially determine whether he has jurisdiction over the matters before him, must determine the approximate value of the estate, determine the person to be appointed administrator, fix and approve the bond required, and administer the oath. These acts require judicial discretion. In this case the judge performed his judicial functions and ordered the appointment of the administrator, directed that letters be granted on taking the oath and giving a bond with sureties approved by the court. The oath and bond were that day approved and filed. All conditions being complied with, the order constitutes the appointment *valid against collateral attack.*" (Emphasis supplied.)

We deem the language apropos in the case at bar. We need only to substitute "conservatrix" for "administrator" in the above quotation.

The district court came to the same result although determining the matter on trial and findings of fact, rather than dismissing the action as being a collateral attack upon another court judgment in the same county. For the reasons assigned, the judgment is affirmed.

Mr. Justice McWilliams and Mr. Justice Pringle concur.