Spurgeon, Haney & Howbert, P. C., Gregory R. Piché, Colorado Springs, for petitioner–appellant.

Pelton & Pelton, Bradford Pelton, Colorado Springs, for respondent–appellee.

VAN CISE, Judge.

In this declaratory judgment action, the First National Bank of Colorado Springs (Bank), as personal representative of the estate of Luther T. McCauley, deceased, (decedent) appeals the judgment determining that the claim of Lea H. Long (claimant) for workmen's compensation for an injury which occurred before the death of decedent was not barred by the terms of the nonclaim statute, § 15–12–803, C.R.S. 1973. We reverse.

The FIRST NATIONAL BANK OF COLORADO SPRINGS, as Personal Representative of the Estate of Luther T. McCauley, a/k/a L. T. McCauley, Deceased, Petitioner–Appellant,

v.

Lea H. LONG, Respondent–Appellee.

No. 79CA1088.

Colorado Court of Appeals, Div. I.

May 22, 1980.

Rehearing Denied June 19, 1980.

Certiorari Denied Aug. 25, 1980.

On June 2, 1977, claimant sustained a back and neck injury while working as a registered nurse for decedent. On August 12, decedent died. The Bank was appointed as the personal representative of his estate. It filed a notice to creditors and, in compliance with § 15–12–801, C.R.S.1973, caused it to be published once each week for three consecutive weeks, the first publication on August 23 and the last on September 6.

On June 2, 1978, claimant filed a workmen's compensation claim with the Department of Labor and Employment. On October 2, 1978, she filed a claim against the

estate, labeling it as a workmen's compensation claim against decedent as employer–self–insurer, pursuant to § 8–40–101, et seq., C.R.S.1973, for accidental injuries. She gave June 2, 1977, as the date the obligation was incurred.

In July 1979, after a hearing on the workmen's compensation claim, a referee for the Department of Labor entered an order in which he found that the claimant sustained an injury arising out of a June 2, 1977, accident in the course and scope of her employment for decedent. It further found that decedent had not taken out workmen's compensation insurance, and therefore would be subject to a 50% penalty as specified in § 8–44–107, C.R.S.1973. The referee then stated in his order "that the liability to this claimant from the estate must be determined by the judiciary and not by this administrative board. The determination as to the value of this claim [for disability, penalty, and medical expenses, $12,356.18] is all that is resolved by these hearings." It then ordered: "That the liability of the deceased's estate is not determined by these findings."

In August 1979, the Bank filed a petition for a declaratory judgment to determine whether the estate was liable for the workmen's compensation claim in view of the nonclaim statute, § 15–12–803, C.R.S.1973, which provides in pertinent part:

"(1) All claims against a decedent's estate which arose before the death of the decedent, . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statutes of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

"(a) Within four months after the date of the first publication of notice to creditors if notice is given in compliance with section 15–12–801; . . . .

. . . . .

"(2) All claims against a decedent's estate which arise at or after the death of

the decedent, . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, and personal representative, and the heirs and devisees of the decedent, unless presented as follows:

. . . . .

"(b) Any other claim, within four months after it arises."

In October 1979, the court ruled:

"[T]he claimant having exercised her right to proceed under the Workmen's Compensation Act had no claim against the decedent personally until a determination had been made by the referee that she was eligible for compensation and that the decedent had failed to comply with the insurance requirements of the Act. This action was taken after the date of the decedent's death, and therefore, it is not a claim barred by [§ 15–12–803, C.R.S.1973]."

The issue on appeal is whether the nonclaim statute bars a claim presented in an estate proceeding more than 9 months after the expiration of the period for filing claims against the estate, when the claim is based on a workmen's compensation claim itself initiated more than five months after the time for filing claims under the nonclaim statute but within the time provided for by the workmen's compensation statute.

The claimant's contention is that although a claim arises at the time of the accident for purposes of the workmen's compensation act, see § 8–52–105(2), C.R.S. 1973 (1979 Cum.Supp.), it is not a claim within the purview of the nonclaim statute until a Department of Labor referee has made a determination in a workmen's compensation proceeding concerning claimant's eligibility for compensation and an order is entered pursuant to § 8–44–107(3), C.R.S. 1973. We do not agree.

The accident upon which claimant bases her claim occurred prior to the death of the decedent. If the claim was not due at the time of the accident, it was at least an

"unliquidated" claim "to become due," "contingent" on claimant's eligibility and decedent's insurance status, and "founded on [a] legal basis." The nonclaim statute does not require that there must be a completed adjudication before the claim arises. *See, e. g., Jackson v. Bates*, 133 Colo. 248, 293 P.2d 962 (1956); *Lieber v. Sherman*, 130 Colo. 216, 274 P.2d 816 (1954). Therefore, since claimant did not present her claim against the estate within four months after the date of the first publication of notice to creditors, her claim is barred. *See In re Estate of Randall v. Colorado State Hospital*, 166 Colo. 1, 441 P.2d 153 (1968).

The judgment is reversed and the cause is remanded for the entry of a judgment declaring that claimant's claim against the estate is barred.

RULAND and KIRSHBAUM, JJ., concur.